**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTHONY D. NATTY,
                Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
SF-0752-14-0165-I-1

DATE: February 5, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

Anthony D. Natty, City Of Industry, California, pro se.

Kristen Walker, Long Beach, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his initial appeal as moot.  For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The agency removed the appellant from his Mail Handler position on charges of unacceptable conduct and lack of candor effective November 30, 2013. Initial Appeal File (IAF), Tab 4 at 12-17. After the appellant filed an appeal of his removal, the agency rescinded the adverse action and moved to dismiss the appeal as moot. IAF, Tab 22. Because the appellant raised affirmative defenses of disparate treatment based on race, color, and national origin, as well as retaliation for filing prior equal employment opportunity (EEO) complaints and a Board appeal, the administrative judge directed the appellant to present his evidence in support of his affirmative defenses in order to determine if a hearing was necessary. *Id*. In response, the appellant argued that the agency did not completely rescind its removal action and that the agency also failed to discipline other employees who were alleged to have engaged in similar acts of unacceptable misconduct in the workplace, thus entitling him to a hearing on his affirmative defenses. IAF, Tab 13 at 9, Tab 35 at 5.

¶3 After receiving several submissions from both parties, the administrative judge issued an initial decision finding that the appellant had been returned to the status quo ante because the agency's removal action had been completely rescinded and that the appellant also failed to establish a genuine issue of material fact warranting a hearing on any of his affirmative defenses. IAF, Tab 50, Initial Decision (ID). Specifically, the administrative judge found that the agency established that it paid the appellant the proper amount of lost back pay, that the appellant was not entitled to interest on his back pay, that there was no reference to the removal action in his personnel file, and that he had been credited with the maximum annual leave amount which he was allowed to carryover from one calendar year to the next under the agency's Employee and Labor Relations Manual (ELM). ID at 4-9. In making this latter finding, the administrative judge acknowledged that the appellant lost 21.5 hours of annual leave, but found that the appellant was not entitled to this amount because it exceeded the agency's

440-hour annual leave carryover limit and that the appellant was ineligible to participate in the agency's leave buyback program and thus could not receive cash for this lost amount. ID at 7. Lastly, the administrative judge found that the appellant failed to present a genuine issue of material fact on his claims of disparate treatment because he failed to identify similarly-situated comparators of a different race, color, and national origin who were treated more favorably, and he also found no genuine issue of material fact on the appellant's claim of retaliation because there was no evidence in the record of animosity or hostility directed toward him based on his prior protected activity. ID at 11-17.

¶4    The appellant has filed a petition for review arguing that the agency did not return him to the status quo ante because he was denied higher rates of pay on certain holidays, he did not receive interest on his lost back pay, and he did not receive all of the annual leave to which he was entitled. Petition for Review (PFR) File, Tab 1 at 7. The appellant also argues that the administrative judge overlooked evidence of comparator employees in granting the agency's motion for summary judgment and denying his request for a hearing. *Id*. at 18-19, 26. The agency has filed a response in opposition to the appellant's petition for review, and the appellant has filed a reply. PFR File, Tabs 3-4.

<u>The agency did not completely restore the appellant to the status quo ante and so the appellant's appeal is not moot.</u>

¶5    We have considered the appellant's argument that the agency did not completely restore him to the status quo ante. PFR File, Tab 1 at 5-7. Although we agree with the administrative judge that the agency properly restored the appellant's back pay, we find, for the reasons that follow, that the agency's failure to credit the appellant with 21.5 hours of annual leave demonstrates that he has not been completely restored to the status quo ante and that the appellant's appeal is not moot.

¶6    Even though an action may be within the Board's jurisdiction, subsequent events may render an appeal moot and foreclose the Board's review. *Price v.*

*U.S. Postal Service*, [118 M.S.P.R. 222](#), ¶ 8 (2012). Mootness can arise at any stage of litigation and an appeal will be dismissed as moot when, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant, as when the appellant, by whatever means, obtained all of the relief he could have obtained had he prevailed before the Board. *Id*. An agency's unilateral modification of a personnel action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or the agency completely rescinds the action being appealed. *Id*. For an appeal to be deemed moot, the agency's rescission must be complete, i.e., the appellant must be returned to the status quo ante and not left in a worse position as a result of the cancellation than he would have been in if the matter had been adjudicated and he had prevailed. *Id*. If an appeal is not truly moot despite cancellation of the action under appeal, the proper remedy is for the Board to retain jurisdiction and to adjudicate the appeal on the merits. *Id*.

¶7        There is no dispute that the agency cancelled the removal action and returned the appellant to duty. IAF, Tab 21. Although the appellant argued to the administrative judge, and again argues on review, that he was not paid the correct amount of back pay for certain days, we have reviewed both the initial decision and the evidence submitted below and find no basis to conclude that the appellant is in a worse position because of the agency's decision to rescind the removal action. We agree with the administrative judge that the appellant ultimately received higher rates of pay for the 4 holidays between November 30, 2013, and February 24, 2014, including both holiday pay and overtime compensation.[2] *See* IAF, Tab 34 at 64-65, 94-95; ID at 5-6. We thus agree with the administrative

---

[2] The record reflects that the appellant initially received holiday pay for December 25, 2013, and January 1, 2014, and that he subsequently received holiday pay and overtime compensation for January 20, 2014, and February 17, 2014, along with overtime compensation for December 25, 2013, and January 1, 2014. IAF, Tab 34 at 64-65 (showing pay codes for December 25, 2013, and January 1, 2014), 94-95 (back pay summary showing holiday and overtime pay for pay periods 1, 2, 3, and 5 of 2014).

judge that the appellant received all the compensation he would have received had he prevailed in his Board appeal and that the agency properly compensated him for his back pay.

¶8        We further agree with the administrative judge that the agency verified that it never included documents pertaining to the appellant's removal from his official personnel file, and we note that the appellant did not challenge the agency's representations below.[3] ID at 5. We also agree with the administrative judge that, pursuant to *Williams v. Department of the Army*, 97 M.S.P.R. 246, ¶¶ 10-14 (2004), *overruled on other grounds*, *Durr v. Department of Veterans Affairs*, 99 M.S.P.R. 283 (2005), the appellant is not entitled to an award of interest on back pay following the agency's voluntary rescission of its removal action. Thus, to the extent that the appellant argues he was entitled to the payment of interest on his back pay, we find that this argument fails to demonstrate that the agency did not restore him to the status quo ante.

¶9        We conclude, however, that the appellant has not been fully restored to the status quo ante because he has been denied 21.5 hours of annual leave that he otherwise would have received had he prevailed in the appeal of his removal. *See* PFR File, Tab 1 at 7. Pursuant to the U.S. Postal Service's ELM, which incorporates provisions of the governing collective bargaining agreement, the appellant was eligible to carryover up to 440 hours of annual leave from one calendar year to the next. *See* IAF, Tab 39 at 6, 9; *see also* ELM § 512.321(a) (the maximum carryover annual leave amount for bargaining unit employees is 440 hours). After the agency retroactively credited the appellant with all the annual leave he was due as a result of the agency's removal action, the appellant had a total of 461.5 hours of annual leave at the end of calendar year 2013, 21.5 hours more than the 440-hour carryover limit. *See* IAF, Tab 39 at 9 (the appellant's pay statement reflecting a 2013 annual leave balance of 461.5 hours

---

[3] The appellant has also not challenged this finding on review.

and that only 440 hours were carried over). Although the agency argued below that the appellant was not entitled to receive annual leave in excess of the yearly carryover limit and that he was ineligible to receive compensation for those excess hours under the terms of the agency's leave exchange program, *see* IAF, Tab 46 at 5-7, both the Back Pay Act and the ELM provide a mechanism for crediting an appellant with "annual leave . . . which is in excess of the maximum accumulation permitted by law." 5 U.S.C. § 5596(b)(1)(B); *see* ELM § 436.2(d) ("Leave that is recredited as a result of the corrective action may not exceed the maximum amount of leave to which the employee was eligible (see [ELM] 512.321). ***Exception:*** Uncapped annual leave is recredited as a result of the reversal or modification of a removal by the Equal Employment Opportunity Commission or, for employees eligible for veterans' preference, by the MSPB."). Pursuant to the Back Pay Act, and the Office of Personnel Management's implementing regulations, annual leave in excess of the maximum carryover limit "shall be credited to a separate leave account for the employee and shall be available for use by the employee within the time limits prescribed by regulations." 5 U.S.C. § 5596(b)(1)(B); *see* 5 C.F.R. § 550.805(g)(1); ELM § 436.2(d).

¶10        Based on these standards, we find that the agency did not restore the appellant to the status quo ante when it denied him 21.5 hours of accrued annual leave. The Board, moreover, has previously ordered the U.S. Postal Service to credit employees with leave in excess of the maximum carryover limit under similar circumstances. *See Hawkins v. U.S. Postal Service*, 56 M.S.P.R. 633, 639 (1993) (granting a petition for enforcement and ordering the restoration of annual leave in excess of the maximum carryover limit under the Back Pay Act). Accordingly, we find that the appellant has not been restored to the status quo ante because he would have been entitled to receive annual leave in excess of the maximum carryover amount had he prevailed in his Board appeal. *See* 5 U.S.C. § 5596(b)(1)(B); ELM § 436.2(d). The administrative judge's initial decision

dismissing the appellant's appeal as moot is REVERSED, and the appellant's appeal is REMANDED to the administrative judge for adjudication on the merits.[4]

The administrative judge properly found that the appellant failed to present a genuine issue of material fact on his affirmative defenses.

¶11 On review, the appellant also argues that the administrative judge should have held a hearing on his affirmative defenses of race, color, and national origin disparate treatment.[5] PFR File, Tab 1 at 18-19, 26. Generally, the Board will not dismiss an appeal as moot when an appellant has an outstanding claim of discrimination and has raised what appears to be a further claim for compensatory damages before the Board because the agency's complete rescission of the adverse action appealed does not afford the appellant all the relief that he could have received if the matter had been adjudicated and he had prevailed. *White v. U.S. Postal Service*, 117 M.S.P.R. 244, ¶ 15 (2012). If, however, the appellant's factual allegations in support of his discrimination claims cannot support an inference that the agency acted in a manner that would entitle him to an award of compensatory damages, the Board may properly dismiss the appeal as moot. *Id.*; *see Redd v. U.S. Postal Service*, 101 M.S.P.R. 182, ¶ 13 (2006) (an administrative judge does not have to hold a hearing on an appellant's discrimination affirmative defenses when the appellant's factual allegations, taken as true, could not support an inference that the agency's action was a pretext for discrimination).

¶12 An appellant asserting an affirmative defense of discrimination under Title VII carries the initial burden of demonstrating a prima facie case of discrimination, that is that: (1) the appellant is a member of a protected group;

---

[4] The agency, however, can restore the appellant to the status quo ante by crediting him with 21.5 hours of accrued annual leave or its monetary equivalent.

[5] The appellant does not address the dismissal of his affirmative defense of retaliation without a hearing on review. *See* PFR File, Tab 1 at 18-20. We have reviewed the initial decision and find that the administrative judge reached the correct result by dismissing this claim without an evidentiary hearing.

(2) he is similarly situated to one or more individuals who are not members of the protected group; and (3) he was treated more harshly or disparately than an individual who is not a member of his protected group. *See Spahn v. Department of Justice*, 93 M.S.P.R. 195, ¶ 10 (2003). For potential comparator employees to be deemed similarly situated, the Board has held that all relevant aspects of the appellant's situation must be "nearly identical" to those of the comparator employees. *Id*., ¶ 13. Such a showing includes whether the comparator employees reported to the same supervisor as the appellant, were subjected to the same disciplinary standards, and engaged in similar conduct without differentiating or mitigating circumstances. *Id*.

¶13    Based on the record developed below, we find that the administrative judge properly dismissed the appellant's affirmative defenses without a hearing. The administrative judge found, based on the absence of evidence of similarly-situated comparators who were treated more favorably, that the appellant failed to establish a prima facie case of race, color, and national origin discrimination. ID at 12-13. We agree that the appellant's discrimination claims fail based on this absence of proof. *See, e.g*., IAF, Tab 23 at 5-6 (identifying potential comparators without addressing their race, color, or national origin or their supervisory chains of command). Although the appellant argued that a supervisory employee who threatened him and another employee in late 2012 and early 2013 was not disciplined, the appellant failed to identify the color, race, or national origin of the proffered comparator, and, even if the appellant had offered such evidence, we agree with the administrative judge that this proposed comparator is not similarly situated to the appellant because he was a higher-level employee who reported to a different supervisor. ID at 13; *see* IAF, Tab 13 at 26--27. We also find no error with the administrative judge's conclusion that the appellant's charge of unacceptable conduct, which was based on a lengthy narrative detailing his verbal threats and invective directed toward another employee, differentiates the appellant from the putative comparator supervisory

employee.  ID at 13 (quoting the notice of proposed removal).  On review, moreover, the appellant has failed to identify any evidence that the administrative judge failed to consider in dismissing his discrimination claims without a hearing, and we find no basis to conclude that the appellant established a genuine issue of material fact warranting a hearing on his affirmative defenses of race, color, and national origin discrimination.  *See* PFR File, Tab 1 at 19.[6]

¶14  We also conclude that the appellant failed to establish a genuine issue of material fact on his claim of retaliation warranting a hearing.  ID at 16-17.  As noted above, the appellant has not specifically challenged the dismissal of this affirmative defense without a hearing on review.  We concur with the administrative judge's finding that, although it is undisputed that the appellant engaged in prior protected activity, the appellant has otherwise failed to demonstrate a genuine nexus between his prior protected activity and his removal.  ID at 17; *see Dwyer v. Department of Veterans Affairs*, 107 M.S.P.R. 632, ¶ 7 (2008).  We agree that the severity of the appellant's alleged misconduct justified the imposition of disciplinary action and that the appellant has failed to present any evidence tending to show that the agency's legitimate, nonretaliatory reason for disciplining him was a pretext for discrimination.  ID at 17.  We thus agree with the administrative judge that the appellant's retaliation affirmative defense was properly dismissed without a hearing.

¶15  Finally, to the extent that the appellant raises a claim on review of bias by the administrative judge, *see* PFR File, Tab 4 at 8, we find that the appellant has failed to overcome the presumption of honesty and integrity that accompanies administrative adjudicators, *see Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 46 (2014).

---

[6] Although the appellant reasserts on review that other employees who threatened coworkers were treated more favorably by receiving lesser discipline, he has not identified the putative comparators' race, color, or national origin.  *See* PFR File, Tab 1 at 19-20.

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order. On remand, should the administrative judge subsequently determine that the appellant has been restored to the status quo ante, the administrative judge may adopt his prior findings dismissing the appellant's affirmative defenses without a hearing in a new initial decision. *See Viana v. Department of the Treasury*, 114 M.S.P.R. 659, ¶ 8 (2010).


FOR THE BOARD:            _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.